**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2790
_____

SAMSON KANLA ORUSA,
Appellant

v.

WARDEN ALLENWOOD FCI

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:25-cv-00004)
District Judge: Honorable Julia K. Munley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: August 5, 2026)
_____

OPINION*
_____

PER CURIAM

     Samson Kanla Orusa appeals the denial of a habeas petition filed under 28 U.S.C.

§ 2241 challenging prison disciplinary proceedings. We will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

During a mass shakedown at FCI Allenwood, Orusa's property was confiscated, including 120 Mirabegron pills. According to the incident report, Orusa was supposed to take one of those pills daily, and he should have had no more than 33 pills in his possession at one time. Despite having too many pills, on three occasions, Orusa requested refills, thereby falsely stating that he needed them. The incident report noted that because the pills were in Orusa's possession, they cannot be reused but must be disposed of, and, thus, represented a loss of $1128 to the federal government. Orusa responded that because of the side-effects of that medication, he did not always take the prescribed medication. Nonetheless, a disciplinary hearing officer (DHO) found Orusa guilty of violating Code 302, "misuse of authorized medication." *See* 28 C.F.R. 541.3. The DHO took away 14 days of Orusa's good-time credit, gave him 15 days of disciplinary segregation, and disallowed commissary and phone privileges for six months.

The District Court denied the habeas petition on the merits. Orusa then filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253(a). We review the District Court's decision denying § 2241 relief de novo, but we review its factual findings for clear error. *See Denny v. Schultz*, 708 F.3d 140, 143 (3d Cir. 2013).

Because prisoners have a liberty interest in good time credits, if a disciplinary hearing may result in the loss of such credits, the prisoner must be afforded basic due process. *See Wolff v. McDonnell*, 418 U.S. 557 (1974). Those safeguards include requiring an impartial decision-making body, that the disciplinary hearing finding be supported by "some evidence" in the record, and that the prisoner is afforded an

2

opportunity to call witnesses. *See Superintendent Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985), *Wolff*, 418 U.S. at 566.

Orusa's first argument is that stockpiling prescribed pills does not qualify as "misuse of authorized medication" to violate Code 302. He relies on *Sullivan v. Thomas*, Civ. No. 09-cv-1479, 2010 WL 3488998, at *3 (D. Or. Aug. 31, 2010), *Hopkins v. Tamez*, Civ. No. 08-cv-742A, 2009 WL 424152, at *3 (N.D. Tex. Feb. 19, 2009), and *Green v. Young,* Civ. No. 13-cv-00039, 2014 WL 229587 (E.D. Tex. Jan. 21, 2014).

*Sullivan* concerned application of Code 113, which involves possession of drugs not prescribed by medical staff.[1] It did not concern, much less define, Code 302. Hopkins was charged with violating Code 113, but because his drugs were prescribed, Code 113 did not apply.[2] Instead, he was found to have violated Code 302 because the drugs in his cell were to be taken in a pill-line only. Similarly, Green had been charged with a Code 113 violation, but, when the prison realized he had a prescription, they changed it to Code 302 violation because his medication in his cell was pill-line only.[3]

All these decisions show is that possession of pill-line only drugs has twice been deemed a violation of Code 302 rather than Code 113. Orusa cites to no cases that support the proposition that this is the *only* way Code 302 can be violated, and we have found none. We find no error in rejecting habeas relief based on this argument.

---

[1] *See Sullivan*, 2010 WL 3488998, at *3.
[2] *See Hopkins*, 2009 WL 424152, at *3.
[3] *See Green*, 2014 WL 229587, at *2.

Next, Orusa challenges the District Court's rejection of his claim that he should have been allowed to present a witness at the disciplinary hearing. His argument centers on the District Court's alleged misunderstanding of the facts, including whether, and when, he requested a witness. There is no need to resolve the factual issue because Orusa has not identified the witness, let alone explained how their testimony would have assisted in his defense.

Orusa's final argument is that the sanctions he received were retaliatory, capricious and arbitrary. The sanctions he received were appropriate for a Code 302 violation. *See* 28 C.F.R. § 541.3. Nothing in the record supports his assertion that the sanctions were retaliatory, capricious or arbitrary.

For these reasons, we will affirm the denial of Orusa's habeas corpus petition.